IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

| | |
|---|---|
| ARTHUR STANLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| vs. | ) CIVIL NO. 10-249-GPM |
| | ) |
| PAT QUINN et al., | ) |
| | ) |
| Defendant. | ) |

# MEMORANDUM AND ORDER

**MURPHY, District Judge:**

*Pro se* Plaintiff, Arthur Stanley (Stanley), has filed an action against numerous parties including three Governors, three State Attorneys General, three state Departments of Health and Human Services, two Judges, six individual Defendants and one unknown party. Stanley's lengthy Amended Complaint (Doc. 4) is extremely difficult to follow. However, as best as this Court can discern, Stanley's action primarily concerns alleged violations of his due process rights (both procedural and substantive) under the United States and Illinois Constitutions. Specifically, Stanley is contesting an Illinois State Court's paternity determination, an Illinois Voluntary Acknowledgment of Paternity (VAP), and what Plaintiff alleges to be fraud and collusion by all of the above-named parties because of "a void default order of paternity and support" (*see* Doc. 4, ¶ 5). Plaintiff moves the Court for leave to proceed *in forma pauperis* (Doc. 2) and to Vacate, what he terms, a "void judgment" (Docs. 3 and 5).

Motions to proceed *in forma pauperis* are governed by 28 U.S.C. § 1915. A federal court is authorized under 28 U.S.C. § 1915(a)(1) to permit an indigent party to proceed in a civil action

without prepaying the filing fee if two conditions are met: (1) the petitioner is indigent and (2) the action is neither frivolous nor malicious. *See, e.g., Smith-Bey v. Hospital Adm'r*, 841 F.2d 751, 757-58 (7th Cir. 1981); *Free v. United States*, 879 F.2d 1535 (7th Cir. 1989). Section 1915(e)(2) provides:

> Notwithstanding any filing fee, or any portion thereof, that may have been paid, the court *shall* dismiss the case at any time if the court determines that—
> (A) the allegation of poverty is untrue; or
> (B) the action or appeal—
> (i) is frivolous or malicious;
> (ii) fails to state a claim on which relief may be granted; or
> (iii) seeks monetary relief against a defendant who is immune from such relief.

28 U.S.C. § 1915(e)(2) (emphasis added). This provision, which currently is part of the Prison Litigation Reform Act (PLRA), applies to cases brought by prisoners and to cases brought by all indigent litigants. *Hutchinson v. Spink*, 126 F.3d 895, 899 (7th Cir. 1997); *see also Gladney v. Pendleton Corr. Facility*, 302 F.3d 773, 775 (7th Cir. 2002).

Here, the Court need not decide whether Stanley is indigent because it cannot find that his action is neither frivolous nor malicious. *See Jones v. Morris*, 777 F.2d 1277, 1279-80 (7th Cir. 1985) (holding that a complaint is deemed frivolous when a petitioner can make no rational argument in law or facts to support his claim for relief). "[A] complaint, containing as it does both factual allegations and legal conclusions, is frivolous where it lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 325 (1989). As used in the *in forma pauperis* statute, the "term 'frivolous,' when applied to a complaint, embraces not only the inarguable legal conclusion, but also the fanciful factual allegation." *Id*. Stanley's complaint is frivolous because there is no rational argument in law to support this Court's jurisdiction over a state-court judgment involving issues of paternity.

"It is the responsibility of a court to make an independent evaluation of whether subject matter jurisdiction exists in every case." *Foster v. Hill*, 497 F.3d 695, 696-97 (7th Cir. 2007); *accord Johnson v. Wattenbarger*, 361 F.3d 991, 992 (7th Cir. 2004) (a court's "first duty in every suit" is "to determine the existence of subject-matter jurisdiction"). Federal Rule of Civil Procedure 8(a)(1) requires that a complaint contain "a short and plain statement of the grounds for the court's jurisdiction …." A pleading that fails to contain a basis for subject matter jurisdiction fails to state a claim for relief under Rule 8 and, consequently, cannot proceed under 28 U.S.C. § 1915(e)(2)(B)(ii). Stanley incorrectly assumes that this Court has jurisdiction over his claims of injury resulting from the allegedly "void" state-court paternity and child support orders.

This Court lacks jurisdiction over Stanley's claims for at least two reasons. First, it is very likely that "the *Rooker-Feldman* doctrine bars these claims because the injuries [Stanley] alleges stem directly from state-court judgments." *Lawrency v. Interstate Brands*, 278 Fed.Appx. 681, 684 (7th Cir. 2008) (citing *D.C. Ct. App. v. Feldman*, 460 U.S. 462, 486 (1983); *Rooker v. Fid. Trust. Co.*, 263 U.S. 413, 416 (1923); *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007)). Under this doctrine, lower federal courts lack subject-matter jurisdiction over federal plaintiffs who, after state proceedings have ended, allege that they were injured by the state-court judgment itself. *Beth-El All Nations Church v. City of Chicago*, 486 F.3d 286, 292 (7th Cir. 2007). Here, as far as this Court can discern from his Amended Complaint, Stanley alleges that he has been injured by an order of the St. Clair County Court (Doc. 4, ¶ 18); and specifically, a default Judgment entered on April 8, 2004, ordering Plaintiff to pay $400 per month in child support (*see* Doc. 3, Ex. 1). If this is indeed an accurate summary of his allegations, Stanley's Amended Complaint clearly would be barred by the *Rooker-Feldman* doctrine.

However, even if Stanley is somehow alleging an independent injury, or even if any state-

court proceedings are still ongoing, his action is nevertheless barred by the so-called "domestic relations exception" to federal jurisdiction. *See Jones v. Brennan*, 465 F.3d 304, 307 (7th Cir. 2006) (noting that "the [domestic relations] exception [was] probably intended to apply to federal-question cases too"). The domestic relations exception "holds generally that '[t]he whole subject of the domestic relations of husband and wife, parent and child, belongs to the laws of the States and not to the laws of the United States.'" *S.C. Johnson & Son, Inc. v. Buske*, Civil No. 09-286-GPM, 2009 WL 3010833, at *2 (S.D. Ill. Sept. 17, 2009) (quoting *Ankenbrandt v. Richards*, 504 U.S. 689, 692 (1992) (quoting *Ex parte Burrus*, 136 U.S. 586, 593-94 (1890)).

The domestic relations exception has been interpreted to encompass both a "core and a penumbra." *Friedlander v. Friedlander*, 149 F.3d 739, 740 (7th Cir. 1998).

> The core is occupied by cases in which the plaintiff is seeking in federal district court … forms of relief associated with the domestic relations jurisdiction: the granting of a divorce or annulment, an award of child custody, a decree of alimony or child support.… The penumbra of the exception consists of ancillary proceedings, such as a suit for the collection of unpaid alimony, that state law would require be litigated as a tail to the original domestic relations proceeding.

*Id.* Here, Stanley is challenging a state-court child support order, a voluntary acceptance of paternity and, potentially (because it's unclear from his Complaint), other "ancillary" state-court proceedings. As such, the domestic relations exception clearly bars this Court's jurisdiction over all of his claims. Further, it follows that Stanley's "First Amended Fed.R.Civ.P. Rule 60(b)(4) Motion to Vacate a Void Judgment" (Doc. 5), is barred for exactly the same reasons as those outlined above.

Stanley's Motion to Vacate a Void Judgment, however, is barred for one additional reason: a motion under Rule 60 is normally brought in the same Court that initially rendered the Judgment or Order that is being challenged. 11 Charles Alan Wright et al., *Federal Practice and Procedure* § 2868, at p. 404 (2d ed. 1995). "Where an independent action for relief from a judgment is brought

in a court other than the one that rendered judgment, independent grounds of subject matter jurisdiction are needed." *Peach v. Laborers' Int'l Union of N. America*, Civil No. 09-450-GPM, 2010 WL 502767, at *3 (S.D. Ill. Feb. 9, 2010) (citing Wright et al., at p. 403-04, *citing Carney v. United States*, 462 F.2d 1142 (Ct. Cl. 1972); *Block v. Block*, 196 F.2d 930, 932 (7th Cir. 1952)). Further, "relief may be obtained by means of an independent action only to prevent a grave miscarriage of justice." *Id.* (citing 11 Charles Alan Wright et al. § 2868, at p. 183 (2009 Pocket Part), *citing United States v. Beggerly*, 524 U.S. 38, 45 (1998)). In other words, a litigant who receives an unfavorable judgment from a court is generally prohibited from arbitrarily choosing a different court to review that decision. Here, Stanley has not asserted, and indeed cannot assert, any independent grounds for this Court to exercise jurisdiction over his motion for relief from a state-court judgment. As such, Stanley's Motion to Vacate a Void Judgment (Docs. 3 and 5) is improper.

In sum, Stanley's Amended Complaint is legally frivolous because this Court has no jurisdiction over the state court judgment that he alleges to be the root cause of his injuries. In turn, because Stanley's Amended Complaint is frivolous, as that term is defined by the *in forma pauperis* statute, his motion to proceed *in forma pauperis* (Doc. 2) is **DENIED**. Further, for similar reasons, Stanley's Motion to Vacate a Void Judgment (Docs. 3 and 5) is also **DENIED.** As such, this action is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B)(I). The Clerk of Court is directed to enter judgment accordingly.

**IT IS SO ORDERED.**

DATED: 07/12/10

s/ *G. Patrick Murphy*
G. PATRICK MURPHY
United States District Judge